Jon D. Schneider – 009834
Maria C. Lomeli – 031338
**SCHNEIDER & ONOFRY, P.C.**
365 East Coronado Road
Phoenix, Arizona 85004
Telephone: (602) 200-1294
Fax: (602) 230-8985
E-mail: minute-entries@soarizonalaw.com
mlomeli@soarizonalaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernestina Rose Ybarra, a single woman, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Eugenio Sardinas and Jane Does Sardinas, Husband and Wife; United States Department of Homeland Security; United States Customs & Border Protection; John Does 1-10; Jane Does 1-10; Black and White Companies 1-10; ABC Corporations 1-10; and XYZ Limited Liability Companies 1-10, | |
| Defendant. | |

COMES NOW Plaintiff Ernestine Rose Ybarra, as and for her Complaint against Defendants, hereby alleges as follows:

1. Plaintiff Ernestina Ybarra currently resides in Yuma County, Arizona.

2. Plaintiff brings this complaint against the United States (Defendant) pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. §2671, *et seq*.), and 28 U.S.C. § 1346(b)(1), for monetary damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their employment, under circumstances

where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Arizona.

3. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred in Arizona.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. This suit has been timely filed, in that Plaintiff timely served notice of her claims on the appropriate federal agencies for administrative settlement in June 2018. The Acting Chief of the U.S. Border Patrol did not accept Plaintiff's monetary demand and offered a lesser amount. As such, Plaintiff has exhausted her claims by filing the required forms with the appropriate federal agencies and having her claims denied.

**PARTIES AND JURISDICTION**

6. United States Department of Homeland Security ("DHS") is the federal department that oversees the United States Customs and Border Protection agency.

7. That upon information and belief, Eugenio Sardinas and Jane Doe Sardinas are husband and wife and are residents of Yuma County, Arizona, and are agents and/or employees of Defendant United States.

8. That Defendants John Does 1-10, Jane Does 1-10, Black and White Companies 1-10, ABC Corporations 1-10, and XYZ Limited Liability Companies are fictitious Defendants whose true names, identities and capacities are unknown to the Plaintiff at this time. Plaintiff will seek leave of this Court to amend her Complaint when the true names, identities and capacities of such Defendants become known. Plaintiff alleges that Jane and John Does 1-10 are individuals or non-corporate business entities who are residents of, and/or doing business within, Yuma County, Arizona, and who acted negligently causing Plaintiff to be damaged; and that Defendant ABC Corporations 1-10, Black and White Companies 1-10, and XYZ Limited Liability Companies are domestic or

foreign entities authorized to do and doing business within Yuma County, Arizona, and whose negligent actions caused Plaintiff to be damaged.

9. Eugenio Sardinas was acting within the court and scope of his employment or under the direction and control of DHS and United States Customs and Border Protection and was an employee of Defendant United States when he caused the motor vehicle collision with Plaintiff.

10. That all events complained of herein occurred within Yuma County, Arizona.

## **COUNT ONE**

### **(Negligence)**

11. That all of the allegations and statements outlined above are incorporated herein as though fully set forth.

12. That on or about the 1st of March, 2017, Plaintiff was operating her vehicle at or near the 2200 Block of East 32nd Street in Yuma County, Arizona, and traveling westbound in the #3 lane on 32nd Street.

13. At the same time, Eugenio Sardinas was also traveling westbound on 32nd Street while in the course and scope of his employment as a United States Border Patrol Agent.

14. As Plaintiff traveled westbound on 32nd Street, Eugenio Sardinas made an unsafe lane change and negligently struck and collided with the driver's side of Plaintiff's vehicle.

15. The collision was a breach by Eugenio Sardinas of his common-law duty to exercise reasonable care in the operation of a motor vehicle.

16. That Plaintiff is not responsible for or guilty of any negligent conduct or comparative negligence leading up to the subject collision.

17. That as a result of the aforementioned acts of the Defendant, Plaintiff has sustained severe and permanent injuries.

18. That as a further direct and proximate result of the foregoing, Plaintiff has been required to seek medical care, attention, treatment and therapy. Plaintiff has incurred expenses for drugs, hospital and other related medical care and will, upon information and belief, incur additional such expenses and treatment in the future. The amount of Plaintiff's damages is unknown at this time and Plaintiff prays leave of Court to prove same at the time of trial.

19. That as a direct and proximate result of Plaintiff's injuries, she has suffered mental anguish and physical pain and discomfort.

20. That as a direct and proximate result of the aforementioned, Plaintiff has sustained general damages in a sum to be determined, such sum, however, being in excess of the minimal jurisdictional limits of this Court.

21. Because Eugenio Sardinas was acting in the course and scope of his employment and/or agency for Defendant U.S. at the time, Defendant U.S. is vicariously liable for Eugenio Sardinas' negligence.

### COUNT TWO

**(Negligence *Per Se*)**

22. That all of the allegations and statements outlined above are incorporated herein as though fully set forth.

23. Defendant U.S.'s employee, Eugenio Sardinas, made an unsafe lane change, in violation of A.R.S. § 28-729(1), which is negligence *per se*.

24. Sardinas' violation of A.R.S. § 28-729(1) was a breach by Eugenio Sardinas of his common-law duty to exercise reasonable care in the operation of a motor vehicle.

25. That as a result of the aforementioned acts of Defendant U.S.'s employee, Plaintiff has sustained severe and permanent injuries.

26. That as a further direct and proximate result of the foregoing, Plaintiff has been required to seek medical care, attention, treatment and therapy.  Plaintiff has incurred expenses for drugs, hospital and other related medical care and will, upon information and belief, incur additional such expenses and treatment in the future.  The amount of Plaintiff's damages is unknown at this time and Plaintiff prays leave of Court to prove same at the time of trial.

27. That as a direct and proximate result of Plaintiff's injuries, she has suffered mental anguish and physical pain and discomfort.

28. That as a direct and proximate result of the aforementioned, Plaintiff has sustained general damages in a sum to be determined, such sum, however, being in excess of the minimal jurisdictional limits of this Court.

29. Because Eugenio Sardinas was acting in the course and scope of his employment and/or agency for Defendant U.S. at the time, Defendant U.S. is vicariously liable for Eugenio Sardinas' negligence.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For general damages in an amount to be proven at trial;

B. For loss of past and future income and future earning capacity;

C. For special damages in an amount to be proven at trial;

D. For costs incurred herein; and

E. For such other and further relief as this court may deem just and proper.

Dated this  31st  day of January, 2019.

SCHNEIDER & ONOFRY, P.C.


By  /s/ Jon D. Schneider
     Jon D. Schneider
     Maria C. Lomeli
     365 East Coronado Road
     Phoenix, Arizona  85004
     Attorneys for Plaintiff